UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.:

6:13-cv-1649-ORL-36GJK

2013 OCT 23 PM 4:15

RADC/CADC VENTURE 2010-2, LLC, a Delaware Limited Liability Company, as assignee of the FEDERAL DEPOSIT INSURANCE CORP., acting as Receiver for SECURITY BANK OF BIBB COUNTY,

Plaintiff,

vs.

BELLA CASA RESORT, LLP d/b/a BELLA CASA RESORT, LLC; MATTHEW M. GILLIO (GUARANTOR); TERRA STRUCTURES, INC. (GUARANTOR); STIRLING ASSETS, LP (GUARANTOR); DONALD M. FULLER (GUARANTOR); WELLS FARGO BANK NATIONAL ASSOCIATION; ACCURIGHT SURVEYS ORLANDO, INC.; BANK OF AMERICA, N.A.; PLATINUM CENTER, LLC.; FLORIDA HOLDINGS FUNDING, LLC; KIG ORLANDO, LLC; ABP CAPITAL II, LLC; UNKNOWN PERSONS in possession; plus all others who may claim any interest in this property,

Defendants.
_______________________________________/

**NOTICE OF REMOVAL**

**COMES NOW**, Plaintiff/ Counter Defendant, RADC/CADC VENTURE 2010-2, LLC, a Delaware Limited Liability Company, as assignee of the FEDERAL DEPOSIT INSURANCE CORP., acting as Receiver for SECURITY BANK OF BIBB COUNTY (hereinafter "RADC"), by and through its undersigned counsel, and pursuant to 12 U.S.C.A. §1819(b)(2)(B), and Local Rules 4.02, gives Notice of Removal of this cause to the United

States District Court, in and for the Middle District of Florida, from the Circuit Court for the 9th Judicial Circuit in and for Orange County Florida. The FDIC further states:

On or about November 12, 2010, SECURITY REAL ESTATE SERVICES, "*for value, does by these presents, grant, bargain, sell, assign, transfer, and set over to FEDERAL DEPOSIT INSURANCE CORPORATION (acting in any capacity, that "FDIC") AS RECEIVER FOR SECURITY BANK OF BIBB COUNTY, its successors and assigns*", all right, title and interest in property as is originally recorded in the Official Records of Orange County, Florida on August 17, 2007, as Instrument No. 20060182619 OR BK 08540 PG 0365. *See* Exhibit "**A**".

1. On or about March 22, 2011 (effective as of January 26, 2011), the FDIC acting as Receiver for BANK, "*for value, does by these presents, grant, bargain, sell, assign, transfer, and set over to RADC/CADC VENTURE 2010-2, LLC, a Delaware limited liability company, its successors and assigns*", all interest in property as is originally recorded in the Official Records of Broward County, Florida on August 17, 2007, as Instrument 20060182619 OR BK 08540 PG 0365. As alleged hereafter, RADC is the owner, lender, bank or holder of this Loan which includes Notes, Mortgages and Guaranties. RADC is now the holder in due course of the above assigned documents. *See* Exhibit "**B**".

2. On or about June 28, 2013, this cause was originally filed in the 9th Judicial Circuit in and for Orange County, Florida, by Plaintiff, alleging causes of action and seeking damages (Breach of Contract Promissory Note and Breach of Guaranty

Agreements) and equitable relief (Foreclosure of Commercial Real Property).

3. On or about August 26, 2013, Defendants Bella Casa Resort, LLP, Mathew M. Gillio, Stirling Assets, LP and Donald M. Fuller filed their Verified Answer, Affirmative Defenses and Counter Claims against RADC.

4. The Counter Claims filed by Defendants Bella Casa Resort, LLP, Mathew M. Gillio, Stirling Assets, LP and Donald M. Fuller constitute a new filing made against RADC as Assignee of the FDIC.

5. The transfer of interest on appointment of the FDIC-R "is not an ordinary transfer of interest....[b]ecause the failed institution 'cease[s] to exist, 'McAninch v. Wintermute, 491 F.3d 759, 767 (8th Cir. 2007), and "vanishe[s] in a puff of smoke," Buczkowski, 415 F.3d at 597, the FDIC necessarily becomes a party to an action when it files a notice of substitution, and as a matter of federal law a state court does not have any discretion to deny substitution of the FDIC for a failed institution which no longer has a separate existence." Federal Deposit Insurance Corporation v. North Savannah Properties, LLC, No. 11-12784 at 9 (11th Cir., July 12, 2012), copy attached. See also O'Melveny & Myers v. FDIC, 512 U.S. 79, 86 (1994); Coit v. Independence Joint Venture v. FSLIC, 489 U.S. 561, 585 (1989); Federal Savings and Loan Insurance Corp., 837 F.2d 432, 434 (11th Cir. 1988); Vernon v. FDIC, 981 F.2d 1230, 1234 (11th Cir. 1993).

6. Pursuant to 12 U.S.C.A. §1819(b)(2)(B), *"the FDIC may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United*

*States District Court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party."*

7. Any civil suit in which the FDIC, in any capacity, is a party *is "deemed to arise under the laws of the United States."* 12 U.S.C. § 1819(b) (A)(2)(A); *see* also Bullion Services, Inc. V. Valley State Bank, 50 F.3d 705, 707 (9th Cir. 1995). A federal party having an independent statutory right to remove may remove a matter without the joinder of all defendants. *See* Davis v. FSLIC, 879 F.2d 1288, 1289 (5th Cir. 19890. The FDIC is such a federal party and has an independent statutory right to remove pursuant to 12 U.S.C. § 1819(b)(2)(B).

8. As described above, the FDIC, as receiver, is provided with vast powers pursuant to Federal Statute. As assignee of the FDIC, Plaintiff is entitled to assert the same rights and defenses as the FDIC and is provided with the same statutory protections and privileges as the FDIC.

As is provided for in both Federal and Florida common law "An Assignee stands in the shoes of his assignor" thereby providing the Assignee with all rights and privileges that were once provided to the Assignor. *See Federal Deposit Insurance Corporation v. Bledsoe*, 989 F.2d 805, 809-810 (5th Cir. 1993); Cadle Co. II, Inc. v. Stamm, 633 So.2d 45, 46 (Fla. 1st DCA 1994); *See also Continental Cas. Co. V. Ryan Inc. Eastern*, 974 So.2d 368, 376 (Fla. 2008); *Price v. RLI Ins. Co.*, 914 So.2d 1010, 1013 (Fla 5th DCA 2005).

Both Florida and Federal Courts have on several occasions applied the rules of assignment to cases in which the FDIC was appointed receiver for a Bank and transferred the assets to another party. In those cases, the Courts have agreed that the rights and privileges that are provided to the FDIC inure to subsequent holder to whom the FDIC sells, transfers and assigns loan documents. *See Federal Deposit Insurance Corporation v. Bledsoe*, 989 F.2d 805, 809-810 (Fla. 5th Cir. 1993); *Cadle Co. II, Inc. v. Stamm*, 633 So.2d 45, 46 (Fla. 1st DCA 1994). More specifically, the Courts have stated that the extended six year statute of limitations provided under 12 U.S.C.A. §1821(d)(14) is allowed to be claimed by an assignee of the FDIC. *Id*; *See also Mountain States Financial Resources Corp. v. Agrawal*, 777 F.Supp. 1550 (W.D.Okla.1991); *Fall v. Keasler*, 1991 WL 340182 (N.D.Cal. Dec. 18, 1991).

These same aforementioned rights as assignee can be claimed by RADC when it pertains to Guaranty Agreements that were executed in consideration of the subject loan. Florida Courts have established that an assignment of a Note and Mortgage operate as an assignment of any and all Guaranties attached to the assigned Note regardless of whether the assignment contained specific language referencing the Guaranty. *See Greene v. Bursey*, 733 So.2d 1111,1114 (Fla. 4th DCA 1999). As further evidence of same *New Holland, Inc. V. Trunk* states "*There is a principle of law that the assignment of a principal obligation also operates as an assignment of the guaranty of the obligation so that the guaranty is effective to collect the obligation which existed at the time of the Assignment*". *Id* at 579 So.2d 215, 218 (Fla. 5th DCA 1991).

9. The instant Notice of Removal is being filed within the ninety (90) day period from the date RADC as assignee of FDIC-R first became a Counter Defendant, to the action, pursuant to 12 U.S.C. § 1819(b)(2)(B). In F.D.I.C. v. S & I 85-1, Ltd., 22 F.3d 1070, 1073-74 (11th Cir. 1994), that Court settled the issue on removal as a Counter Defendant by stating;

> *The second *1074 clause of § 1819 departs from Lazuka in two respects. First, it establishes a removal time period of ninety days-a clear departure from the thirty-day period of the general removal statute applied to FDIC in Lazuka. Second, it establishes the beginning date for the running of the ninety-day period-the date an action, suit, or proceeding is filed against FDIC or the date FDIC is substituted as a party, as opposed to the date FDIC is appointed receiver. Thus, the second clause in § 1819(b)(2)(B) establishes special removal procedures for FDIC and abrogates Lazuka to the extent it conflicts with those removal procedures. The second clause does not serve as a substantive limit on FDIC's power, as enumerated in clause one of § 1819(b)(2)(B), to "remove any action, suit, or proceeding." To the contrary, the second clause simply establishes the date any "action, suit, or proceeding is filed against" FDIC as an alternative date for the beginning of the ninety-day removal period.*
>
> F.D.I.C. v. S & I 85-1, Ltd., 22 F.3d 1070, 1073-74 (11th Cir. 1994)

10. Plaintiff/Counter Defendant RADC as assignee of FDIC-R has promptly served notice of the filing of this removal to all parties of record in the Circuit Court action, and to the Clerk of the Orange County Circuit Court, in and for Orange County Florida, pursuant to 28 U.S.C. § 1446(d).

11. Because this action was commenced in Orange County Florida, venue is proper for removed case in the United States District Court, Middle District, Florida, Orlando Division.

12. All prior pleadings and papers in the possession of the RADC as assignee of FDIC-R are attached hereto. *See* Clerk of Court Docket as Exhibit "**C**".

**WHEREFORE**, Plaintiff/ Counter Defendant, RADC/CADC VENTURE 2010-2, LLC, a Delaware Limited Liability Company, as assignee of the FEDERAL DEPOSIT INSURANCE CORP., acting as Receiver for SECURITY BANK OF BIBB COUNTY (hereinafter "RADC"), ("RADC"), hereby requests this Honorable Court to take jurisdiction of this cause.

COOKE LAW GROUP
*Attorneys for FDIC*
9245 SW 158th Lane
2nd Floor
Miami, FL 33157
Telephone: (305) 259-8054
Facsimile: (305) 259-7148
litigation@rfc-law.com
robertcooke@rfc-law.com
gar@rfc-law.com

By: ______________________
Robert F. Cooke, Esq.
F.B.N. 590533

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by filing with the Clerk of Court via the CM/ECF System, which will send a notice of electronic filing to all parties participating in the ECF Electronic Noticing on the 18th day of October, 2013.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Email in accordance with Rule of Judicial Administration 2.516 to all parties on the Service List with email addresses and by First Class U.S. to all parties without email addresses this 18th day of October, 2013.

COOKE LAW GROUP
*Attorneys for FDIC*
9245 SW 158th Lane, 2nd Floor
Miami, FL 33157
Telephone: (305) 259-8054
Facsimile: (305) 259-7148
litigation@rfc-law.com
robertcooke@rfc-law.com
gar@rfc-law.com

By: ______________________
Robert F. Cooke, Esq.
F.B.N. 590533

**SERVICE LIST**

Roman V. Hammes, Esq.
Roman V. Hammes, P.L.
*Attorneys for Defendants Bella Casa, Matthew M. Gillio, Stirling Assets and Donald M. Fuller*
250 East Colonial Drive, Suite 305
Orlando, FL 32801
roman@romanvhammes.com

Michael S. Provenzale, Esq.
L. William Porter, III, Esq.
*Attorneys for KIG Orlando, LLC; Wells Fargo Bank National Association; ABP Capital II, LLC; and Bank of America, N.A.*
Lowndes, Drosdick, Doster, Kantor & Reed, P.a.
450 S. Orange Avenue
Suite 200
Orlando, FL 32801
litcontrol@lowndes-law.com
michael.provenzale@lowndes-law.com
anne.fisher@lowndes-law.com