IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.:

RADC/CADC VENTURE 2010-2, LLC, a Delaware Limited Liability company, as assignee of the FEDERAL DEPOSIT INSURANCE CORP. acting as Receiver for SECURITY BANK OF BIBB COUNTY,

Plaintiff,

BELLA CASA RESORT, LLP. d/b/a BELLA CASA RESORT, LLC; MATTHEW M. GILLIO (GUARANTOR); TERRA STRUCTURES, INC. (GUARANTOR); STIRLING ASSETS, LP (GUARANTOR); DONALD M. FULLER (GUARANTOR); WELLS FARGO BANK NATIONAL ASSOCIATION; ACCURIGHT SURVEYS ORLANDO, INC.; BANK OF AMERICA, N.A.; PLATINUM CENTER, LLC.; FLORIDA HOLDINGS FUNDING, LLC; KIG ORLANDO, LLC; ABP CAPITAL II, LLC; UNKNOWN PERSONS in possession; plus all others who may claim any interest in this property,

Defendants.

_______________________________________/

**VERIFIED COMMERCIAL FORECLOSURE COMPLAINT**

**COMES NOW**, PLAINTIFF, RADC/CADC VENTURE 2010-2, LLC, a Delaware Limited Liability Company (hereinafter "RADC"), as assignee of the FEDERAL DEPOSIT INSURANCE CORP. (hereinafter "FDIC"), acting as Receiver for SECURITY BANK OF BIBB COUNTY F/K/A FAIRFIELD FINANCIAL SERVICES, INC. (hereinafter "BANK"), by and through its undersigned counsel, and files this Verified Commercial Foreclosure Complaint, thus hereby suing Defendants, BELLA CASA RESORT, LLP d/b/a BELLA

CASA RESORT, LLC, an inactive Florida Limited Liability Company (hereinafter "BELLA CASA"); MATTHEW M. GILLIO, an individual (GUARANTOR); TERRA STRUCTURES, INC., an inactive Florida Profit Corporation (GUARANTOR); STIRLING ASSETS, LP, a Delaware Limited Partnership (GUARANTOR); DONALD M. FULLER, an individual (GUARANTOR); WELLS FARGO BANK NATIONAL ASSOCIATION, a national banking association; ACCURIGHT SURVEYS ORLANDO, INC., an active Florida Profit Corporation; BANK OF AMERICA, N.A., a national banking association; PLATINUM CENTER, LLC., an active Florida Limited Liability Company; FLORIDA HOLDINGS FUNDING, LLC., an active Florida Limited Liability Company; KIG ORLANDO, LLC., an active Florida Limited Liability Company; ABP CAPITAL II, LLC., an active California Limited Liability Company; UNKNOWN PERSONS in possession; plus all others who may claim any interest in this property, and alleges:

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action at law in the amount greater than $15,000.00 for Breach of Contract - PROMISSORY NOTE and RENEWAL PROMISSORY NOTE; Breach of Contract - NOTE MODIFICATION AGREEMENT; Breach of Contract(s) - GUARANTY OF PAYMENT; and an action in equity Mortgage Foreclosure.
2. This action is properly brought in Orange County, Florida, as the real property subject to this action is located in Orange County, Florida. The legal description of the real property is attached hereto as Exhibit A to the MORTGAGE AND SECURITY AGREEMENT, attached hereto as Exhibit "C".
3. Defendant, BELLA CASA, is an inactive Florida Limited Liability Company, with its principal place of business registered as 657 Caledonia Place, Sanford, Florida

principal place of business registered as 657 Caledonia Place, Sanford, Florida 32771.

4. Defendant, MATTHEW M. GILLIO, is an individual Guarantor.

5. Defendant, TERRA STRUCTURES, INC., is a Guarantor and an inactive Florida Profit Corporation with its principal address registered as 200 South Orange Avenue, 28th Floor, Orlando, FL 32801.

6. Defendant, STIRLING ASSETS, LP, is a Guarantor and a Delaware Limited Partnership.

7. Defendant, DONALD M. FULLER, is an individual Guarantor.

8. Defendant, WELLS FARGO BANK NATIONAL ASSOCIATION, is a national banking association with address listed as 2030 Main Street, Suite #900, Irvine, California 92614.

9. Defendant, ACCURIGHT SURVEYS ORLANDO, INC., is an active Florida Profit Corporation with its principal address registered as 2012 E. Robinson Street, Orlando, Florida 32803.

10. Defendant, BANK OF AMERICA, N.A., is a national banking association.

11. Defendant, PLATINUM CENTER, LLC., an active Florida Limited Liability Company with its principal address registered as 5951 Blakeford Drive, Windermere, Florida 34786.

12. Defendant, FLORIDA HOLDINGS FUNDING, LLC, is an active Florida Limited Liability Company with its principal address registered as 9814 Harbour Lake Circle, Boynton Beach, FL 33437.

13. Defendant, KIG ORLANDO, LLC, is an active Florida Limited Liability Company with its principal place of address registered as 225 Broadway, 18th Floor, San Diego, California 92101.

14. Defendant, ABP CAPITAL II, LLC, is an active California Limited Liability Company with its principal address registered as 820 Second Street, Encinitas, California 92024.

15. On or about September 16, 2005, Williamsburg Commercial Limited Partnership (Non-Party) (GRANTORS), conveyed by SPECIAL WARRANTY DEED and recorded in Orange County, Florida, Instrument 20050638951 OR BK 08202 PG 3839 ("the Property") to Defendant, BELLA CASA (GRANTEE), thus establishing ownership interest in Defendant, BELLA CASA. *See* Exhibit "A".

16. On or about March 17, 2006, Defendant/Borrower, BELLA CASA, executed and delivered a PROMISSORY NOTE in favor of BANK, in the amount of $4,566,500.00. *See* Exhibit "B".

17. On or about March 17, 2006, Defendant/Borrower, BELLA CASA, executed and delivered a MORTGAGE AND SECURITY AGREEMENT in favor of BANK, in the amount of $4,566,500.00, thus securing certain real estate. On March 21, 2006, the MORTGAGE AND SECURITY AGREEMENT was recorded in Orange County, Florida, as Instrument 20060182619 OR BK 08540 PG 0365. See Exhibit "C".

18. On or about March 17, 2006, Defendant, MATTHEW M. GILLIO, on behalf of Defendant/Borrower, BELLA CASA, executed and delivered a UNCONDITIONAL GUARANTY OF PAYMENT AND PERFORMANCE in favor of BANK, thus further

securing payment of the PROMISSORY NOTE. *See* Exhibit "D".

19. On or about January 30, 2007, Defendant, MATTHEW M. GILLIO, on behalf of Defendant/Borrower, BELLA CASA, executed and delivered a REAFFIRMATION OF GUARANTY in favor of BANK, thus reaffirming Defendant's obligation to guaranty payment of the PROMISSORY NOTE. *See* Exhibit "E".

20. On or about January 30, 2007, Defendant, TERRA STRUCTURES, INC., on behalf of Defendant/Borrower, BELLA CASA, executed and delivered a UNCONDITIONAL GUARANTY OF PAYMENT AND PERFORMANCE in favor of BANK, thus further securing payment of the PROMISSORY NOTE. *See* Exhibit "F".

21. On or about April 30, 2007 (effective date March 17, 2007), Defendant/Borrower, BELLA CASA, executed and delivered a NOTE MODIFICATION AGREEMENT, in the principal amount of $4,566,500.00, in favor of BANK thereby extending the Maturity Date to June 17, 2007. *See* Exhibit "G".

22. On or about June 17, 2007, Defendant, MATTHEW M. GILLIO, on behalf of Defendant/Borrower, BELLA CASA, executed and delivered a MODIFICATION AND REAFFIRMATION OF GUARANTY in favor of BANK, thus reaffirming Defendant's obligation to guaranty payment of the PROMISSORY NOTE. *See* Exhibit "H".

23. On or about September 30, 2007, Defendant/Borrower, BELLA CASA, executed and delivered a THIRD NOTE MODIFICATION AGREEMENT, in the principal amount of $4,566,500.00, in favor of BANK thereby extending the Maturity Date to December, 2007. *See* Exhibit "I".

24. On or about September 30, 2007, Defendant, MATTHEW M. GILLIO, on behalf of Defendant/Borrower, BELLA CASA, executed and delivered a MODIFICATION AND REAFFIRMATION OF GUARANTY in favor of BANK, thus reaffirming Defendant's obligation to guaranty payment of the PROMISSORY NOTE. *See* Exhibit "J".

25. On or about December 30, 2007, Defendant/Borrower, BELLA CASA, executed and delivered a FOURTH NOTE MODIFICATION AGREEMENT, in the principal amount of $4,566,500.00, in favor of BANK thereby extending the Maturity Date to March 30, 2008. *See* Exhibit "K".

26. On or about March 30, 2008, Defendant/Borrower, BELLA CASA, executed and delivered a RENEWAL PROMISSORY NOTE, in the principal amount of $4,566,500.00, in favor of BANK thereby extending the Maturity Date to September 30, 2008. *See* Exhibit "L".

27. On or about March 30, 2008, Defendant, MATTHEW M. GILLIO, on behalf of Defendant/Borrower, BELLA CASA, executed and delivered a MODIFICATION AND REAFFIRMATION OF GUARANTY in favor of BANK, thus reaffirming Defendant's obligation to guaranty payment of the PROMISSORY NOTE. *See* Exhibit "M".

28. On or about May 1, 2008, Defendant, STIRLING ASSETS, LP, on behalf of Defendant/Borrower, BELLA CASA, executed and delivered a UNCONDITIONAL GUARANTY OF PAYMENT AND PERFORMANCE in favor of BANK, thus further securing payment of the RENEWAL PROMISSORY NOTE. *See* Exhibit "N".

29. On or about May 1, 2008, Defendant, DONALD M. FULLER, on behalf of Defendant/Borrower, BELLA CASA, executed and delivered a UNCONDITIONAL GUARANTY OF PAYMENT AND PERFORMANCE in favor of BANK, thus further securing payment of the RENEWAL PROMISSORY NOTE. *See* Exhibit "O".

30. On or about October 30, 2008, Defendant/Borrower, BELLA CASA, executed and delivered a NOTE MODIFICATION AGREEMENT, in the principal amount of $4,566,500.00, in favor of BANK thereby extending the Maturity Date on the RENEWAL PROMISSORY NOTE to December 31, 2008. *See* Exhibit "P".

31. On or about October 29, 2008, Defendant, DONALD M. FULLER, on behalf of Defendant/Borrower, BELLA CASA, executed and delivered a MODIFICATION AND REAFFIRMATION OF GUARANTY in favor of BANK, thus reaffirming Defendant's obligation to guaranty payment of the RENEWAL PROMISSORY NOTE. *See* Exhibit "Q".

32. On or about October 28, 2008, Defendant, MATTHEW M. GILLIO, on behalf of Defendant/Borrower, BELLA CASA, executed and delivered a MODIFICATION AND REAFFIRMATION OF GUARANTY in favor of BANK, thus reaffirming Defendant's obligation to guaranty payment of the RENEWAL PROMISSORY NOTE. *See* Exhibit "R".

33. On or about February 17, 2009 (effective date December 31, 2008), Defendant/Borrower, BELLA CASA, executed and delivered a SECOND NOTE MODIFICATION AGREEMENT, in the principal amount of $4,566,500.00, in favor of BANK thereby extending the Maturity Date on the RENEWAL PROMISSORY

NOTE to June 30, 2009. *See* Exhibit "S".

34. On or about December 31, 2008, Defendant, MATTHEW M. GILLIO, on behalf of Defendant/Borrower, BELLA CASA, executed and delivered a MODIFICATION AND REAFFIRMATION OF GUARANTY in favor of BANK, thus reaffirming Defendant's obligation to guaranty payment of the RENEWAL PROMISSORY NOTE. *See* Exhibit "T".

35. On or about December 31, 2008, Defendant, STIRLING ASSETS, LP, on behalf of Defendant/Borrower, BELLA CASA, executed and delivered a MODIFICATION AND REAFFIRMATION OF GUARANTY in favor of BANK, thus reaffirming Defendant's obligation to guaranty payment of the RENEWAL PROMISSORY NOTE. *See* Exhibit "U".

36. On or about December 31, 2008, Defendant, DONALD M. FULLER, on behalf of Defendant/Borrower, BELLA CASA, executed and delivered a MODIFICATION AND REAFFIRMATION OF GUARANTY in favor of BANK, thus reaffirming Defendant's obligation to guaranty payment of the RENEWAL PROMISSORY NOTE. *See* Exhibit "V".

37. On or about July 24, 2009, the Superior Court of Bibb County in and for the State of Georgia issued an Order appointing the FDIC as Receiver for BANK effective upon the Georgia Department of Banking and Finance taking possession of BANK. On July 24, 2009, the Georgia Department of Banking and Finance took possession of BANK thereby appointing the FDIC as receiver for BANK. *See* Exhibit "W".

38. On or about November 12, 2010, SECURITY REAL ESTATE SERVICES, *"for*

*value, does by these presents, grant, bargain, sell, assign, transfer, and set over to FEDERAL DEPOSIT INSURANCE CORPORATION (acting in any capacity, that "FDIC") AS RECEIVER FOR SECURITY BANK OF BIBB COUNTY, its successors and assigns*", all right, title and interest in property as is originally recorded in the Official Records of Orange County, Florida on August 17, 2007, as Instrument No. 20060182619 OR BK 08540 PG 0365. *See* Exhibit "X".

39. On or about March 22, 2011 (effective as of January 26, 2011), the FDIC acting as Receiver for BANK, "*for value, does by these presents, grant, bargain, sell, assign, transfer, and set over to RADC/CADC VENTURE 2010-2, LLC, a Delaware limited liability company, its successors and assigns*", all interest in property as is originally recorded in the Official Records of Broward County, Florida on August 17, 2007, as Instrument 20060182619 OR BK 08540 PG 0365. As alleged hereafter, RADC is the owner, lender, bank or holder of this Loan which includes Notes, Mortgages and Guaranties. RADC is now the holder in due course of the above assigned documents. *See* Exhibit "Y".

40. Plaintiff, RADC, is a foreign corporation and is exempt from having to file a Certificate of Authority pursuant to Section 607.1501(a)(g) and (h) Florida Statutes, to collect amounts owed on Notes executed and delivered in Florida.

41. This communication from a debt collector is an attempt to collect a debt, and any information obtained will be used for that purpose. *See* attached Legal Notice REQUIRED BY THE FAIR DEBT COLLECTION PRACTICE ACT, 15 USC Section 1692, et seq. A true copy of the Legal Notice is attached hereto as Exhibit "Z" and

made part of this Complaint.

42. All conditions precedent to Plaintiff's right of action against Defendant have occurred, have been performed or otherwise have been excused.

**COUNT I - BREACH OF CONTRACT**
**PROMISSORY NOTE**

43. RADC hereby incorporates by reference Paragraphs 1 thru 42, as if they were set out in their entirety

44. Defendant, BELLA CASA, entered into an initial contract, the PROMISSORY NOTE dated March 17, 2006. This agreement was later modified by the RENEWAL PROMISSORY NOTE dated March, 2008. *See* attached as Exhibits "B" (PROMISSORY NOTE) and "L" (RENEWAL PROMISSORY NOTE).

45. Pursuant to the RENEWAL PROMISSORY NOTE, Defendant, BELLA CASA, agreed that "*THE ENTIRE UNPAID PRINCIPAL OF THIS NOTE, TOGETHER WITH UNPAID ACCRUED INTEREST, SHALL BE DUE AND PAYABLE WITHOUT NOTICE OR DEMAND ON THE MATURITY DATE.*" *See* Exhibit "L".

46. Defendant, BELLA CASA, failed to pay the entire principal balance including all accrued interest thereon on the date of Maturity and therefore has breached the "Promissory Note", as modified, and conditions of default exist.

47. Defendant, BELLA CASA, owes RADC the principal balance of $4,566,500.00 with interest during the term of the loan, at a fluctuating rate equal to the Prime Rate (the highest rate of interest designated by the Wall Street Journal) plus 2% per annum, not to fall below 6.5% as provided in the SECOND NOTE MODIFICATION dated December 31, 2008. Defendant, BELLA CASA, owes RADC the principal balance

of $4,566,500.00 with interest from September 30, 2008 (maturity date), at a rate of the lesser of four percent (4%) per annum in excess of the highest rate charged in the RENEWAL PROMISSORY NOTE or the highest rate permitted by law, 25% per annum. Defendant, BELLA CASA, further owes RADC late charges of 5% on each monthly installment paid after fifteen (15) days of due date, together with title search expenses and any and all other expenses incurred with regard to the subject real property.

48. As a direct and proximate result of Defendant's, BELLA CASA, breach of contract, Plaintiff RADC has suffered and sustained damages in an amount equal to the principle amount owed pursuant to the PROMISSORY NOTE, NOTE MODIFICATION AGREEMENTS, and RENEWAL PROMISSORY NOTE plus interest, default interest, and late fees.

49. RADC has in fact been damaged by Defendant's, BELLA CASA, failure to honor and pay their financial obligations pursuant to the terms and conditions of the PROMISSORY NOTE, as modified.

**WHEREFORE**, Plaintiff, RADC, as assignee of the FDIC, acting as Receiver for BANK; demands judgment in its favor and against Defendant, BELLA CASA, in an amount greater than $15,000.00, plus the costs of this action and attorney's fees, plus prejudgment and post judgment interest, plus any and all other relief this Court deems necessary and proper.

**COUNT II - MORTGAGE FORECLOSURE**

50. RADC hereby incorporates by reference Paragraphs 1 thru 49, as if they were set

out in their entirety.

51. This is an action in equity to foreclose a mortgage on real estate property located in Orange County, Florida, and is within the exclusive jurisdiction of the Circuit Court.

52. On or about March 15, 2006, Defendant/Borrower, BELLA CASA, executed a MORTGAGE AND SECURITY AGREEMENT (hereinafter "Mortgage"), thus securing repayment thereof in favor of BANK, which was recorded on March 21, 2006, in Orange County, Florida as 20060182619 OR BK 08540 PG 0365, and thereby mortgaged the property described in the Mortgage then owned and in the possession of the mortgagor. *See* Exhibit "C".

53. Plaintiff, RADC, is the present owner and holder in due course of the aforementioned PROMISSORY NOTE, NOTE MODIFICATION AGREEMENT, RENEWED PROMISSORY NOTES, and MORTGAGE AND SECURITY AGREEMENT .

54. Title to the subject property is currently held by Defendant, BELLA CASA.

55. Defendant, BELLA CASA, owes RADC the principal balance of $4,566,500.00 with interest during the term of the loan, at a fluctuating rate equal to the Prime Rate (the highest rate of interest designated by the Wall Street Journal) plus 2% per annum, not to fall below 6.5% as provided in the SECOND NOTE MODIFICATION dated December 31, 2008. Defendant, BELLA CASA, owes RADC the principal balance of $4,566,500.00 with interest from September 30, 2008 (maturity date), at a rate of the lesser of four percent (4%) per annum in excess of the highest rate charged

in the RENEWAL PROMISSORY NOTE or the highest rate permitted by law, 25% per annum. Defendant, BELLA CASA, further owes RADC late charges of 5% on each monthly installment paid after fifteen (15) days of due date, together with title search expenses and any and all other expenses incurred with regard to the subject real property.

56. RADC is entitled to foreclose the subject real property described in the Mortgage, as modified, in order to pay all amounts due under the PROMISSORY NOTE, NOTE MODIFICATION AGREEMENTS, and RENEWAL PROMISSORY NOTE.

57. Defendant, BELLA CASA, may claim some interest in the property by virtue of Special Warranty Deed, Promissory Note, or other contractual obligation as recorded in Official Records, however, any such interest is inferior and subordinate to the interest of Plaintiff, RADC.

58. Defendant, MATTHEW M. GILLIO, may claim some interest in the property by virtue of Guaranty, or other contractual obligation as recorded in Official Records, however, any such interest is inferior and subordinate to the interest of Plaintiff, RADC.

59. Defendant, TERRA STRUCTURES, INC., may claim some interest in the property by virtue of Guaranty, or other contractual obligation as recorded in Official Records, however, any such interest is inferior and subordinate to the interest of Plaintiff, RADC.

60. Defendant, STIRLING ASSETS, LP, may claim some interest in the property by virtue of Guaranty, or other contractual obligation as recorded in Official Records,

however, any such interest is inferior and subordinate to the interest of Plaintiff, RADC.

61. Defendant, DONALD M. FULLER, may claim some interest in the property by virtue of Guaranty, or other contractual obligation as recorded in Official Records, however, any such interest is inferior and subordinate to the interest of Plaintiff, RADC.

62. Defendant, WELLS FARGO BANK NATIONAL ASSOCIATION, may claim some interest in the property by virtue of Mortgage, or other contractual obligation as recorded in Official Records, however, any such interest is inferior and subordinate to the interest of Plaintiff, RADC.

63. Defendant, ACCURIGHT SURVEYS ORLANDO, INC., may claim some interest in the property by virtue of Claim of Lien, or other contractual obligation as recorded in Official Records, however, any such interest is inferior and subordinate to the interest of Plaintiff, RADC.

64. Defendant, BANK OF AMERICA, N.A., may claim some interest in the property by virtue of Mortgage, or other contractual obligation as recorded in Official Records, however, any such interest is inferior and subordinate to the interest of Plaintiff, RADC.

65. Defendant, PLATINUM CENTER, LLC., may claim some interest in the property by virtue of Claim of Lien, or other contractual obligation as recorded in Official Records, however, any such interest is inferior and subordinate to the interest of Plaintiff, RADC.

66. Defendant, FLORIDA HOLDINGS FUNDING, LLC., may claim some interest in the property by virtue of Mortgage, or other contractual obligation as recorded in Official Records, however, any such interest is inferior and subordinate to the interest of Plaintiff, RADC.

67. Defendant, KIG ORLANDO, LLC., may claim some interest in the property by virtue of Special Warranty Deed, or other contractual obligation as recorded in Official Records, however, any such interest is inferior and subordinate to the interest of Plaintiff, RADC.

68. Defendant, ABP CAPITAL II, LLC., may claim some interest in the property by virtue of Special Warranty Deed, or other contractual obligation as recorded in Official Records, however, any such interest is inferior and subordinate to the interest of Plaintiff, RADC.

69. Defendant, UNKNOWN PERSONS, in possession may claim some interest in the property, however, any such interest is inferior and subordinate to the interest of Plaintiff, RADC.

70. RADC is obligated to pay its attorney a reasonable fee for services in connection with this action.

**WHEREFORE**, Plaintiff, RADC, as assignee of the FDIC, acting as Receiver for BANK, demands Final Judgment of Foreclosure against Defendants, BELLA CASA; MATTHEW M. GILLIO, an individual (GUARANTOR); TERRA STRUCTURES, INC., an inactive Florida Profit Corporation (GUARANTOR); STIRLING ASSETS, LP, a Delaware Limited Partnership (GUARANTOR); DONALD M. FULLER, an individual (GUARANTOR);

WELLS FARGO BANK NATIONAL ASSOCIATION, a national banking association; ACCURIGHT SURVEYS ORLANDO, INC., an active Florida Profit Corporation; BANK OF AMERICA, N.A., a national banking association; PLATINUM CENTER, LLC., an active Florida Limited Liability Company; FLORIDA HOLDINGS FUNDING, LLC., an active Florida Limited Liability Company; KIG ORLANDO, LLC., an active Florida Limited Liability Company; ABP CAPITAL II, LLC., an active California Limited Liability Company; UNKNOWN PERSONS in possession; plus all others who may claim any interest in this property, thus foreclosing all interests of all parties named herein or thereafter from date of filing the Lis Pendens in this action. If the amount of the Final Judgment is not paid by Defendants, BELLA CASA; MATTHEW M. GILLIO; TERRA STRUCTURES, INC.; STIRLING ASSETS, LP; DONALD M. FULLER, that the subject real property be sold to satisfy RADC's Final Judgment, and that all Defendants and all persons claiming an interest to or against the property since the filing of the Notice of Lis Pendens be forever foreclosed, plus such further relief as the Court may deem just and proper.

**COUNT III - BREACH OF GUARANTY AGREEMENT**
**MATTHEW M. GILLIO**

71. RADC hereby incorporates by reference Paragraphs 1 thru 70, as if they were set out in their entirety.

72. There are several contracts between RADC and Defendant, MATTHEW M. GILLIO. See Exhibits "D", "E", "H", "J", "M", "R", "T".

73. On September 30, 2008, in consideration of the subject loan made by BANK to Defendant, BELLA CASA, Defendant, MATTHEW M. GILLIO, executed and delivered a MODIFICATION AND REAFFIRMATION AGREEMENT, thereby

reaffirming all promises and conditions under the UNCONDITIONAL GUARANTY OF PAYMENT AND PERFORMANCE, copies of which are incorporated herein and attached as Exhibits "D" and "T".

74. After Defendant, BELLA CASA, defaulted under the terms and conditions of the PROMISSORY NOTE, RENEWAL PROMISSORY NOTE, and NOTE MODIFICATION AGREEMENTS, Defendant, MATTHEW M. GILLIO, failed to pay all amounts owed, and thereby is in breach of the Guaranty Agreement.

75. Pursuant to the MODIFICATION AND REAFFIRMATION AGREEMENT, Defendant, MATTHEW M. GILLIO, agreed to waive their right to "*demand, protest, notice, or protest, notice of dishonor, and notice of any kind including without violation, notice of acceptance of this Guaranty, notice of default, notice of the existence, creation or incurring of any new or additional indebtedness or obligation or of any action or non-action on the part of any other person whomever, inc connection with any obligation hereby guaranteed.*". *See* Exhibit "D".

76. Defendant's, MATTHEW M. GILLIO, default is the direct and proximate cause of damages to Plaintiff, RADC.

77. Defendant, MATTHEW M. GILLIO (Guarantor), owes Plaintiff all amounts due and payable to Plaintiff, together with interest, penalties, reasonable attorney's fees, late fees and costs of collection thereof under the Loan Documents, or in the alternative, any deficiency amount resulting after the foreclosure of the subject real property.

**WHEREFORE**, Plaintiff, RADC, as assignee of the FDIC, acting as Receiver for BANK, demands Final Judgment against Defendant, MATTHEW M. GILLIO, for damages

in an amount greater than $15,000.00, plus the costs of this action and attorney's fees, plus prejudgment and post judgment interest, pursuant to the Guaranty Agreement. Furthermore, this Court shall maintain jurisdiction of this action until after the foreclosure sale of this real property to then determine the amount owed by MATTHEW M. GILLIO, plus such further relief as the Court may deem just and proper.

**COUNT IV - BREACH OF GUARANTY AGREEMENT**
**TERRA STRUCTURES, INC.**

78. RADC hereby incorporates by reference Paragraphs 1 thru 77, as if they were set out in their entirety.

79. On January 30, 2007, in consideration of the subject loan made by BANK to Defendant, BELLA CASA, Defendant, TERRA STRUCTURES, INC., executed and delivered a UNCONDITIONAL GUARANTY OF PAYMENT AND PERFORMANCE. See Exhibits "F".

80. After Defendant, BELLA CASA, defaulted under the terms and conditions of the PROMISSORY NOTE, RENEWAL PROMISSORY NOTE, and NOTE MODIFICATION AGREEMENTS, Defendant, TERRA STRUCTURES, INC., failed to pay all amounts owed, and thereby is in breach of the Guaranty Agreement.

81. Pursuant to the MODIFICATION AND REAFFIRMATION AGREEMENT, Defendant, TERRA STRUCTURES, INC., agreed to waive their right to "*demand, protest, notice, or protest, notice of dishonor, and notice of any kind including without violation, notice of acceptance of this Guaranty, notice of default, notice of the existence, creation or incurring of any new or additional indebtedness or obligation*

Defendant, BELLA CASA, Defendant, MATTHEW M. GILLIO, executed and delivered a MODIFICATION AND REAFFIRMATION AGREEMENT, thereby reaffirming all promises and conditions under the UNCONDITIONAL GUARANTY OF PAYMENT AND PERFORMANCE, copies of which are incorporated herein and attached as Exhibits "N" and "U".

87. After Defendant, BELLA CASA, defaulted under the terms and conditions of the PROMISSORY NOTE, RENEWAL PROMISSORY NOTE, and NOTE MODIFICATION AGREEMENTS, Defendant, STIRLING ASSETS, LP, failed to pay all amounts owed, and thereby is in breach of the Guaranty Agreement.

88. Pursuant to the MODIFICATION AND REAFFIRMATION AGREEMENT, Defendant, STIRLING ASSETS, LP, agreed to waive their right to "*demand, protest, notice, or protest, notice of dishonor, and notice of any kind including without violation, notice of acceptance of this Guaranty, notice of default, notice of the existence, creation or incurring of any new or additional indebtedness or obligation or of any action or non-action on the part of any other person whomever, inc connection with any obligation hereby guaranteed.*". *See* Exhibit "N".

89. Defendant's, STIRLING ASSETS, LP, default is the direct and proximate cause of damages to Plaintiff, RADC.

90. Defendant, STIRLING ASSETS, LP (Guarantor), owe Plaintiff all amounts due and payable to Plaintiff, together with interest, penalties, reasonable attorney's fees, late fees and costs of collection thereof under the Loan Documents, or in the alternative, any deficiency amount resulting after the foreclosure of the subject real property.

all amounts owed, and thereby is in breach of the Guaranty Agreement.

95. Pursuant to the MODIFICATION AND REAFFIRMATION AGREEMENT, Defendant, DONALD M. FULLER, agreed to waive their right to "*demand, protest, notice, or protest, notice of dishonor, and notice of any kind including without violation, notice of acceptance of this Guaranty, notice of default, notice of the existence, creation or incurring of any new or additional indebtedness or obligation or of any action or non-action on the part of any other person whomever, inc connection with any obligation hereby guaranteed.*". *See* Exhibit "O".

96. Defendant's, DONALD M. FULLER, default is the direct and proximate cause of damages to Plaintiff, RADC.

97. Defendant, DONALD M. FULLER (Guarantor), owe Plaintiff all amounts due and payable to Plaintiff, together with interest, penalties, reasonable attorney's fees, late fees and costs of collection thereof under the Loan Documents, or in the alternative, any deficiency amount resulting after the foreclosure of the subject real property.

**WHEREFORE**, Plaintiff, RADC, as assignee of the FDIC, acting as Receiver for BANK, demands Final Judgment against Defendant, DONALD M. FULLER, for damages in an amount greater than $15,000.00, plus the costs of this action and attorney's fees, plus prejudgment and post judgment interest, pursuant to the Guaranty Agreement. Furthermore, this Court shall maintain jurisdiction of this action until after the foreclosure sale of this real property to then determine the amount owed by DONALD M. FULLER, plus such further relief as the Court may deem just and proper.

DATED, this 28th day of June, 2013.

**COOKE LAW GROUP**
*Attorneys for RADC*
9245 S.W. 158 Lane
2nd Floor
Miami, Florida 33157
Phone: 305 259-8054
Fax: 305 259-7148

By: ______________________
James D. Allen, Esq.
F.B.N. 96627
Primary Email: litigation@rfc-law.com
Secondary Email: gar@rfc-law.com

## VERIFICATION

I, KENNETH R. MITCHELL, as Florida Division President of Argent Management, LLC, do hereby swear and affirm under penalty fo perjury, I declare that I have read the forgoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

RADC/CADC Venture 2010-2, LLC

By: ______________________
KENNETH R. MITCHELL

STATE OF FLORIDA

COUNTY OF MIAMI DADE

Sworn to or affirmed and signed before me on this 28 day of June, 2013 by KENNETH R. MITCHELL, who is personally known to me or has produced the following for of identification: Drivers License.

______________________
NOTARY PUBLIC

Gretel Rodriguez
Print Name

MY COMMISSION EXPIRES:

Notary Public State of Florida
Gretel Rodriguez
My Commission EE098871
Expires 05/31/2015