IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

RADC/CADC VENTURE 2010-2, LLC,

Case No. 2013-CA-009304-O

Plaintiff,

vs.

BELLA CASA RESORT, LLP, *et al*,

Defendant(s).

## VERIFIED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF BELLA CASA RESORT, LLP, MATTHEW M. GILLIO, STIRLING ASSETS, LP AND DONALD M. FULLER

Defendants, Bella Casa Resort, LLP ("Bella Casa"), Matthew M. Gillio ("Gillio"), Stirling Assets, LP ("Stirling") and Donald M. Fuller ("Fuller) (collectively the "Defendants"), answer the Complaint of RADC/CADC Venture 2010-2, LLC ("Plaintiff") as follows:

1. Admit.
2. Admit.
3. Admit.
4. Admit.
5. Admit.
6. Admit.
7. Admit.
8. Without knowledge.
9. Without knowledge.
10. Without knowledge.
11. Without knowledge.

12. Without knowledge.

13. Without knowledge.

14. Without knowledge.

15. Admit only that the attached exhibits say what they say, otherwise denied.

16. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

17. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

18. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

19. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

20. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

21. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

22. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

23. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

24. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

25. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

26. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

27. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

28. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

29. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

30. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

31. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

32. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

33. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

34. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

35. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

36. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

37. Admit only that the attached exhibits say what they say, otherwise denied.

38. Admit only that the attached exhibits say what they say, otherwise denied.

39. Admit only that the attached exhibits say what they say, otherwise denied that the Plaintiff is the holder of the Note and entitled to enforce the loan documents.

40. Admit only that Fla. Stat. §607.1501 says what it says, otherwise denied.

41. Admit only that the attached exhibits say what they say, otherwise denied.

42. Deny that the Plaintiff has a right to bring this action.

**COUNT I – BREACH OF CONTRACT**
**PROMISSORY NOTE**

43. The Defendants restate their responses to paragraphs 1-42.

44. Admit only that the attached exhibits say what they say, otherwise denied.

45. Admit only that the attached exhibits say what they say, otherwise denied.

46. Admit only that some payments have not been made.

47. Deny that Bella Casa owes the Plaintiff anything.

48. Deny.

49. Deny.

**COUNT II – MORTGAGE FORECLOSURE**

50. The Defendants restate their responses to paragraphs 1-49.

51. Admit.

52. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

53. Deny.

54. Admit.

55. Deny that Bella Casa owes the Plaintiff anything.

56. Deny.

57. Admit that Bella Casa has an interest in the property, but denied that Plaintiff has a superior interest.

58. Admit that Gillio has an interest in the property, but denied that Plaintiff has a superior interest.

59. Without knowledge.

60. Admit that Stirling has an interest in the property, but denied that Plaintiff has a superior interest.

61. Admit that Fuller has an interest in the property, but denied that Plaintiff has a superior interest.

62. Without knowledge.

63. Without knowledge.

64. Without knowledge.

65. Without knowledge.

66. Without knowledge.

67. Without knowledge.

68. Without knowledge.

69. Without knowledge.

70. Without knowledge and therefore denied.

**COUNT III – BREACH OF GUARANTY AGREEMENT**
**MATTHEW M. GILLIO**

71. The Defendants restate their responses to paragraphs 1-70.

72. Deny.

73. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

74. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

75. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

76. Deny.

77. Deny.

**COUNT IV – BREACH OF GUARANTY AGREEMENT**
**TERRA STRUCTURES, INC.**

78. Paragraphs 78-83 assert allegations against co-defendant Terra Structures, Inc. Accordingly, Defendants do not respond to these allegations.

**COUNT V – BREACH OF GUARANTY AGREEMENT**
**STIRLING ASSETS, LP**

84. The Defendants restate their responses to paragraphs 1-83.

85. Deny.

86. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

87. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

88. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

89. Deny.

90. Deny.

**COUNT VI – BREACH OF GUARANTY AGREEMENT**
**DONALD M. FULLER**

91. The Defendants restate their responses to paragraphs 1-90.

92. Deny.

93. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

94. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

95. Admit only that the attached exhibits say what they say, otherwise denied that any of the loan documents were issued to the Plaintiff.

96. Deny.

97. Deny.

## GENERAL AFFIRMATIVE DEFENSES

98. The documents attached to the Complaint do not establish standing for the Plaintiff to bring this action. Accordingly, the Defendants believe that the Plaintiff lacks standing to sue on the Promissory Note and the corresponding Mortgage and Guarantees.

99. The Plaintiff has not produced the original Promissory Note. Accordingly, a final summary judgment of foreclosure cannot be entered in this case.

100. The Plaintiff is barred from pursuing this action for failing to comply with Fla. Stat. § 57.011.

## FACTUAL ALLEGATIONS SPECIFIC TO AFFIRMATIVE DEFENSES AND COUNTERCLAIMS BASED ON SETTLEMENT AGREEMENT

101. Attached to the Complaint are the following documents:

(a) a Promissory Note issued to Fairfield Financial Services, Inc. ("Fairfield") on March 17, 2006 (the "Note")[1];

[1] Exhibit "B"

(b) a Note Modification Agreement between Bella Casa and Security Real Estate Services, Inc. ("Security Real Estate") on September 30, 2008 that indicates that Security was formerly known as Fairfield (the "Modification Agreement")[2];

(c) an Order naming Federal Deposit Insurance Corporation ("FDIC") as the receiver for Security Bank of Bibb County ("Security Bank") (the "Receivership Order")[3].

102. Upon information and belief and at all times relevant, Security Real Estate was hereto a wholly owned subsidiary of Security Bank.

103. On February 24, 2010, Security Real Estate, as a wholly owned subsidiary of FDIC as Receiver for Security Bank, entered into an agreement to settle the Note, and the related Mortgage and Guarantees (the "Settlement Agreement"). A copy of the Settlement Agreement is attached as Exhibit "1".

104. Shortly after executing the Settlement Agreement, Security Real Estate stopped communicating with the Defendants and thereby prevented the Defendants from effectuating the terms of the Settlement Agreement.

**AFFIRMATIVE DEFENSES RELATED TO SETTLEMENT AGREEMENT**

105. Based on the Settlement Agreement, the Plaintiff is equitably estopped from suing on the Note, Mortgage and Guarantees.

106. Based on the Settlement Agreement, the right to sue on the Note, Mortgage and Guarantees has been waived.

---

[2] Exhibit "P"
[3] Exhibit "W"



g:\10592\state court litigation\answer to complaint.docx

**FIRST COUNTERCLAIM- DECLARATORY JUDGMENT/ ENFORCEMENT OF SETTLEMENT AGREEMENT**

Defendants counterclaim against the Plaintiff and allege as follows:

107. Defendants re-allege paragraphs 101-106 as if set forth herein verbatim.

108. This is an action for declaratory relief and enforcement of the Settlement Agreement pursuant to Fla. Stat. § 86.011.

109. For the foregoing reasons, the Defendants ask the Court to issue a ruling declaring that the Defendants and Security Real Estate entered into a binding Settlement Agreement on February 24, 2010.

110. To the extent the Plaintiff establishes that it is the holder of the Note, the Defendants further ask the Court to enforce the terms of the Settlement Agreement as follows:

(a) compel the Plaintiff to accept $2,500,000.00 in full satisfaction of the Note, Mortgage and Guarantees;

(b) compel the Plaintiff to issue a universal liability release to the Defendants; and;

(c) compel the Plaintiff to dismiss each of its causes of action with prejudice.

**SECOND COUNTERCLAIM- BREACH OF SETTLEMENT AGREEMENT**

Defendants counterclaim against the Plaintiff and allege as follows:

111. Defendants re-allege paragraphs 101-106 as if set forth herein verbatim.

112. This is an action for damages which exceed $15,000.

113. Security Real Estate entered into a binding Settlement Agreement with the Defendants on February 24, 2010.

114. As stated above, Security Real Estate breached the Settlement Agreement.

115. As a result, the Defendants have incurred damages, including but not limited to, the attorney's fee and costs incurred in defending this matter.

116. To the extent the Plaintiff assumed the position of Security Real Estate, it is liable for said damages.

117. For this reason and subject to proof of standing, the Defendants ask the Court to issue an award of damages against the Plaintiff for breaching the Settlement Agreement.

s/ Roman V. Hammes
Roman V. Hammes
Florida Bar No. 087250
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Drive
Orlando, FL 32804
Telephone (407) 648-0058
Facsimile (407) 648-0681
Primary Email Address rhammes@whmh.com
Secondary Email Address jupdike@whmh.com
Secondary Email Address psmith@whmh.com

Attorneys for Defendants Bella Casa, Gillio, Stirling and Fuller

**VERIFICATION**

I, Matthew Gillio, as Managing Member of Bella Casa Resort, LLP, do hereby swear and affirm under penalty of perjury, I declare that I have read the forgoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

By: [signature]
Name: Matthew Gillio
Title: Managing Member

STATE OF FLORIDA
COUNTY OF ORANGE

Sworn to or affirmed and signed before me on this 16th day of August, 2013 by Matthew Gillio, who is personally known to me or has produced the following form of identification FL Drivers License.

JANET L. GREENLEAF
MY COMMISSION # EE 181536
EXPIRES: March 25, 2016
Bonded Thru Notary Public Underwriters

[signature]
NOTARY PUBLIC
Janet L. Greenleaf
PRINT NAME
MY COMMISSION EXPIRES: 3/25/16



g:\10592\state court litigation\answer to complaint.docx

# VERIFICATION

I, Matthew M. Gillio, do hereby swear and affirm under penalty of perjury, I declare that I have read the forgoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Matthew Gillio

STATE OF FLORIDA
COUNTY OF ORANGE

Sworn to or affirmed and signed before me on this 16th day of August, 2013 by Matthew Gillio, who is personally known to me or has produced the following form of identification FL Drivers License.

NOTARY PUBLIC

Janet L. Greenleaf
PRINT NAME

JANET L. GREENLEAF
MY COMMISSION # EE 181538
EXPIRES: March 25, 2016
Bonded Thru Notary Public Underwriters

MY COMMISSION EXPIRES: 3/25/16



g:\10592\state court litigation\answer to complaint.docx

**VERIFICATION**

I, Donald M. Fuller, do hereby swear and affirm under penalty of perjury, I declare that I have read the forgoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

________________________

________________________

________________________

Sworn to or affirmed and signed before me on this 16th day of August, 2013 by Donald Mikhail Fuller, who is personally known to me or has produced the following form of identification Canada Passport.

NOTARY PUBLIC

STEPHEN A. TIDDER
Notary Public
Tel (604) 263-1522
#201 – 2107 West 40th Avenue
Vancouver, BC V6M 1W4

PRINT NAME

MY COMMISSION EXPIRES: N/A

VERIFICATION

I, Donald M. Fuller, as Authorized Signatory, of Stirling Assets, LP, do hereby swear and affirm under penalty of perjury, I declare that I have read the forgoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

By: [signature]
Name: Donald M. Fuller
Title: Authorized Signatory

______________________

______________________

Sworn to or affirmed and signed before me on this 16th day of August, 2013 by Donald Michael Fuller, who is personally known to me or has produced the following form of identification Canada Passport.

[signature]
NOTARY PUBLIC

STEPHEN A. TIDDER
Notary Public
Tel (604) 263-2522
#201 – 2109 West 43rd Avenue
Vancouver, BC V6M 2W4

PRINT NAME

MY COMMISSION EXPIRES: N/A



g:\10592\ctac court litigation\answer to complaint.docx

**CERTIFICATE OF SERVICE**

I certify that on August 16, 2013 a copy of the foregoing was sent regular, first class United States mail, postage fully pre-paid or by electronic mail to: James D. Allen, Esq., Cooke Law Group, 9245 S.W. 158 Lane, 2nd Floor, Miami, FL 33157, litigation@rfc-law.com, gar@rfc-law.com.

s/ Roman V. Hammes
Roman V. Hammes



g:\10592\state court litigation\answer to complaint.docx

**Security**
**Real Estate Services**
*A wholly owned subsidiary of Federal Deposit Insurance Corporation as Receiver of Security Bank of Bibb County*
*P.O. Box 4763, Macon, GA 31208-4763*
*Tel: (478) 722-6831*
*EFax: (404) 759-2229*

Jeff Quinlivan
Asset Manager

February 24, 2010

**Via Email kgross@atlanticlegalgroup.com; mattgillio@aol.com and Fed-Ex tracking number: 7984 2310 5510**

Kent Gross
Atlantic Legal Group, PA
1375 Gateway Blvd.
Boynton Beach, FL 33426

Subject: **Settlement of Bella Casa Resort, LLP loan obligation to Security Real Estate Services (See Exhibit A attached hereto)**

LOAN NUMBER(S): 8100256

Dear Mr. Gross,

This letter shall serve as notice of a Security Real Estate Services, Inc ("SRES") Board Resolution affecting the Note, Mortgage, Guarantees and Loan Documents associated with your client, Bella Casa Resort, LLP. As of the date of this letter, the total amount of unpaid principal is $3,953,963.09, together with unpaid interest in the amount of $299,933.89, and late charges of $500.00, for a total amount due and owing to SRES of $4,254,396.98.

The Board of Directors of Security Real Estate Services, Inc has agreed to settle this outstanding obligation for two million five hundred thousand ($2,500,000.00) ("Settlement Offer"), to be paid in CASH at Closing, with a closing (the "Closing") to occur on or before thirty (30) days from the Effective Date (the "Closing Date"). The effective date of this Settlement Offer will be February 26, 2010 (the "Effective Date"). Since the Closing Date falls on a Sunday, the last day to close will be Monday, March 29, 2010 (the "Closing Date").



EXHIBIT 1

Page -2-

Both parties, within the next ten (10) days, shall endeavor to draft and execute a Settlement Agreement, which contains reasonable and customary settlement terms. Furthermore, both parties agree to hold the information contained in this letter in strict confidence and not to disclose any term or condition contained in this letter to any person or entity other than its respective attorneys.

Regards,

Security Real Estate Services, Inc.

By: ______________________
Jeff Quinlivan
Asset Manager

cc: Matt Gillio

**EXHIBIT A**

That certain promissory dated March 17, 2008, in the principal sum of $4,686,500.00 ("Note"), from Bella Casa Resort, LLC ("Borrower"), in favor of Security Real Estate Services, Inc., ("SRES"), f/k/a Fairfield Financial Services, Inc., ("Fairfield"), that certain related Mortgage and Security Agreement dated March 17, 2008 ("Mortgage"), that certain related Unconditional Guaranty of Payment and Performance from Mathew M. Gillio dated March 17, 2008, that certain related Unconditional Guaranty of Payment and Performance from Marlin Schaffer dated March 17, 2008, that certain related Unconditional Guaranty of Payment and Performance from Eliezer Morginstin dated March 17, 2008, that certain related Unconditional Guaranty of Payment and Performance from Universal Development of Florida, LLC dated March 17, 2008 ( collectively "Guarantees"), and all other related loan documents (collectively "Loan Documents"), and that certain Reaffirmation of Guaranty from Matthew M. Gillio dated January 30, 2007, that certain Unconditional Guaranty of Payment and Performance from Mirabilis Ventures, Inc. dated January 30, 2007, that certain Unconditional Guaranty of Payment and Performance from Terra Structures, Inc. dated January 30, 2007, that certain Release of Guarantor from Marlin Schaffer dated January 30, 2007, that certain Release of Guarantor from Eliezer Morginstin dated January 30, 2007, that certain Release of Guarantor from Universal Development of Florida, LLC dated January 30, 2007 ("collectively "Guarantees"), and all other related loan documents (collectively "Loan Documents"), and that certain Note Modification Agreement dated March 17, 2007, in the principal sum of $4,608,714.91 ("Note"), from Bella Casa Resort, LLC ("Borrower"), in favor of Security Real Estate Services, Inc., ("SRES"), f/k/a Fairfield Financial Services, Inc., ("Fairfield"), and all other related loan documents (collectively "Loan Documents"), and that certain Second Note Modification Agreement date June 17, 2007, in the principal sum of $4,684,500.00 ("Note"), from Bella Casa Resort, LLC ("Borrower"), in favor of Security Real Estate Services, Inc., ("SRES"), f/k/a Fairfield Financial Services, Inc., ("Fairfield"), that certain Modification and Reaffirmation of Guaranty from Matthew M. Gillio dated June 17, 2007 (collectively "Guarantees"), and all other related loan documents (collectively "Loan Documents"), and that certain Third Note Modification Agreement dated September 30, 2007, in the principal sum of $4,584,500.00 ("Note"), from Bella Casa Resort, LLC ("Borrower"), in favor of Security Real Estate Services, Inc. ("SRES"), f/k/a Fairfield Financial Services, Inc., ("Fairfield"), that certain Modification and Reaffirmation of Guaranty from Matthew M. Gillio dated June 17, 2007 (collectively "Guarantees"), and all other related loan documents (collectively "Loan Documents"), and that certain Fourth Note Modification Agreement dated December 30, 2007, in the principal sum of $4,584,500.00 ("Note"), from Bella Casa Resort, LLP ("Borrowers"), in favor of Security Real Estate Services, Inc. ("SRES"), f/k/a Fairfield Financial Services, Inc., ("Fairfield"), that certain Modification and Reaffirmation of Guaranty from Matthew M. Gillio dated December 30, 2007 (collectively" guarantees"), and all other related loan documents (collectively "Loan Documents"), and that certain Renewal Promissory Note dated March 30, 2008, in the principal sum of $4,565,500.00 ("Note"), from Bella Casa Resort, LLP ("Borrower"), in favor of Security Real Estate Services, Inc. ("SRES"), f/k/a Fairfield Financial Services, Inc., ("Fairfield"), that certain related Mortgage Modification Agreement dated March 30, 2008 ("Mortgage"), that certain Modification and Reaffirmation of Guaranty from Matthew M. Gillio dated March 30, 2008, that certain Unconditional Guaranty of Payment and Performance from Donald M. Fuller dated March 30, 2008, that certain Unconditional Guaranty of Payment and Performance from Dennis B. Riddick dated March 30, 2008, that certain Unconditional Guaranty of Payment and Performance from Stirling Assests, LP dated March 30, 2008, (collectively " "Guarantees"), and all other related loan documents (collectively "Loan Documents"), and that certain Note Modification Agreement dated September 30, 2008, in the principal sum of $3,982,871.86 ("Note"), from Bella Casa

**EXHIBIT A (continued)**

Resort, LLP ("Borrower"), in favor of Security Real Estate Services, Inc. ("SRES"), f/k/a Fairfield Financial Services, Inc., ("Fairfield"), that certain Modification and Reaffirmation of Guaranty from Matthew M. Gillo dated September 30, 2008, that certain Modification and Reaffirmation of Guaranty from Donald M. Fuller dated September 30, 2008, that certain Modification and Reaffirmation of Guaranty from Dennis S. Riddick dated September 30, 2008, that certain Modification and Reaffirmation of Guaranty from Stirling Asssets, LP dated September 30, 2008, (collectively "Guarantees"), and all other related loan documents (collectively" Loan Documents"), and that certain Second Note Modification Agreement dated December 31, 2008, in the principal sum of $8,862,871.28 ("Note"), from Bella Casa Resort, LLP ("Borrower"), in favor of Security Real Estate Services, Inc. ("SRES"), f/k/a Fairfield Financial Services, Inc., ("Fairfield"), that certain Modification and Reaffirmaton of Guaranty from Matthew M. Gillo dated December 31, 2008, that certain Modification and Reaffirmation of Guaranty from Donald M. Fuller dated December 31, 2008, that certain Modification and Reaffirmation of Guaranty from Dennis S. Riddick dated December 31, 2008, that certain Modification and Reaffirmation of Guaranty from Stirling Asssets, LP dated December 31, 2008, (collectively "Guarantees"), and all other related loan documents (collectively "Loan Documents").

**Janet L. Greenleaf**

| | |
|---|---|
| **From:** | Andrena Westcott <awestcott@morsegomez.com> |
| **Sent:** | Monday, August 26, 2013 10:57 AM |
| **To:** | Jeff Caglianone; Frank Miller; Kenneth D. Herron |
| **Cc:** | Al Gomez; Janet L. Greenleaf; Lory Sauto; Janelle Miller |
| **Subject:** | Underwood vs. Strong |
| **Attachments:** | MRS 8-23-13.doc; image001.jpg |

Messrs. Caglianone, Miller and Herron:

On behalf of Mr. Gomez, please find attached the latest version of the draft Motion for Relief from Stay to be filed in the Stong's Chapter 13 case for your review and comment. Please let us know if same meets with your approval.

Thank you,

**Andrena Westcott**
**Florida Registered Paralegal**
**Morse & Gomez, P.A.**
119 South Dakota Avenue
Tampa, FL 33606
Telephone: 813.301.1000
Facsimile: 813.301.1001
Email: awestcott@morsegomez.com
www.morsegomez.com

**MORSE & GOMEZ**

TREASURY DEPARTMENT CIRCULAR 230 DISCLAIMER: To ensure compliance with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this email, including any attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service. (The foregoing statement is made in accordance with Circular 230, 31 C.F.R Part 10)

CONFIDENTIALITY DISCLAIMER: This e-mail message and any attachments are private communication sent by a law firm, Morse and Gomez P.A., and may contain confidential, legally privileged information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system. Thank you.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MICHAEL LEE STRONG
KATHERINE ANNE STRONG

CASE NO: 6:13-bk-05814-ABB
Chapter 13

Debtor.
_______________________________/

**MOTION FOR RELIEF FROM STAY TO LIQUIDATE**
**CLAIM FOR INSURANCE PURPOSES ONLY**

Movants, Cynthia N. Underwood ("C. Underwood") and Stephen R. Underwood ("S. Underwood") (collectively, "Movants" or the "Underwoods"), by and through their undersigned counsel, move for relief from the automatic stay pursuant to 11 U.S.C. § 362 to permit Movants to liquidate in state court their personal injury claim against the Debtor, Katherine Anne Strong ("K. Strong"), for purposes of Debtor's available insurance coverage only. As grounds therefore, the Movants allege as follows:

1. On May 9, 2013 ("Petition Date"), the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code in this Court.

2. On or about July 11, 2010, Debtor K. Strong owned and negligently operated her vehicle causing it to collide with the motorcycle operated by C. Underwood causing a collision.

3. As a result of said negligence, C. Underwood suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.

4. The losses are either permanent or continuing and C. Underwood will suffer the

losses in the future.

5. C. Underwood's motorcycle was damaged and she lost the use of it during the period required for its repair or replacement.

6. Because of the bodily injury to his wife, S. Underwood has and will suffer the loss of comfort, companionship, and consortium. The losses are continuing in nature and S. Underwood will suffer the losses in the future.

7. On or about January 7, 2011, the Movants filed an action in the circuit Court in and for the Fifth Judicial Circuit, in and for Sumter County, Florida, captioned *Cynthia N. Underwood and Stephen R. Underwood vs. Katherine Strong and State Farm Mutual Automobile Insurance Company, Case No. 2010CA001114* ("State Court Action").

8. As a consequence, Movants are creditors of the bankruptcy estate, although the Movants' claim is unliquidated.

9. The Movants desire to continue the prosecution of their civil action against the Debtor in state court for the purposes on liquidating their claim to (1) seek recovery against available insurance policies, and (2) to the extent the judgment or ultimate claim exceeds the policy limits, assert their claim in this case.

10. The Movants assert that their claim will likely exceed $2,000,000.00. The Movants will file a proof of claim.

11. If the Movants obtain a recovery or judgment against the Debtor, K. Strong, Movants will seek to enforce it solely against the proceeds of insurance and will not seek to enforce the recovery or judgment against the Debtor, K. Strong, or property of the estate except as allowed as an unsecured creditor during the pendency of any bankruptcy case.

12. The foregoing constitutes cause within the meaning of Section 362(d)(1) of the Bankruptcy Code to modify the automatic stay to permit the Movants to take those steps described in the preceding analysis.

13. Movants also seek to pursue any and all bad faith claims they may have against the insurance carriers if there is an award or judgment that exceeds the policy limits.

WHEREFORE, Movants respectfully request that the Court will grant their motion and modify the automatic stay in the manner requested and for such other and further relief as is just and proper.

MORSE & GOMEZ, P.A.

/s/ Alberto F. Gomez, Jr.
ALBERTO F. GOMEZ, JR.
Florida Bar No. 784486
119 South Dakota Avenue
Tampa, Florida 33606
Telephone: (813) 301-1000
Facsimile: (813) 301-1001
E-mail: agomez@morsegomez.com
Attorney for Movants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing **MOTION FOR RELIEF FROM STAY** has been furnished by electronic and/or U.S. Mail to on this __ day of August, 2013 to: **Joel L. Gross**, 655 West Highway 50, Ste. 101, Clermont, FL 34711; **Laurie K. Weatherford**, Chapter 13 Trustee, PO Box 3450, Winter Park, FL 32790 and **Michael and Katherine Strong**, 7067 County Road 561B, Bushnell, FL 33513.

/s/ Alberto F. Gomez, Jr.
ALBERTO F. GOMEZ, JR.

**Janet L. Greenleaf**

**From:** Kimberly C. Lynch
**Sent:** Monday, August 26, 2013 11:33 AM
**To:** Peter N. Hill
**Cc:** Mellissa A. Waters; Janet L. Greenleaf; Aurora S. Newsome; Staci Baker
**Subject:** RE: Ray Parsons

I am confirming this is joint representation.

Janet/ Aurora – Please draft a chapter 7 retainer agreement for Ray and Carolyn Parsons. Please use this address: 111 E. Monument Ave #805, Kissimmee, FL 34741. See below for the balance currently in trust. If you have any question please see me.
Staci- Please change address in abacus.

---

**From:** Peter N. Hill
**Sent:** Monday, August 26, 2013 10:36 AM
**To:** Kimberly C. Lynch
**Cc:** Mellissa A. Waters
**Subject:** Re: Ray Parsons

Okay, Kim, please confirm that it will be a joint representation and, if so, then Mellissa, handle as you have suggested.

Sent from my iPad

On Aug 26, 2013, at 10:07 AM, "Kimberly C. Lynch" <klynch@whmh.com> wrote:

> Currently I do have her in the schedules. They do have joint debt.
>
> ---
>
> **From:** Peter N. Hill
> **Sent:** Monday, August 26, 2013 10:02 AM
> **To:** Mellissa A. Waters
> **Cc:** Kimberly C. Lynch
> **Subject:** Re: Ray Parsons
>
> So, Kim, is Ray's wife involved?
>
> Sent from my iPad
>
> On Aug 26, 2013, at 9:24 AM, "Mellissa A. Waters" <mwaters@whmh.com> wrote:
>
>> We can certainly change the matter to Chapter 7, but the issues are:
>>
>> 1) Our client is Mr. Parsons. If we are also representing his spouse, our records should reflect that and she needs to be added in Abacus;
>> 2) If we are indeed representing Mrs. Parsons, we should have a fee agreement signed by her stating that she is also retaining us, and for what;
>> 3) By simply changing the matter, it is not really a correct reflection of work and fees paid for it.
>>
>> My suggestion would be to open a matter 2 for the Chapter 7, move the Trust balance to that matter, and draft a fee agreement for Mr. & Mrs. Parsons signatures re the

Chapter 7, stating it will be done for a retainer of $2,210.00 (the balance currently in Trust), which we recognize receipt of.

**Mellissa Anne Waters, Billing & Marketing Coordinator**
*Wolff, Hill, McFarlin & Herron, P.A.*
1851 W. Colonial Drive
Orlando, Florida 32804
Phone: 407-648-0058
Fax: 407-648-0681

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential information, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Peter N. Hill
**Sent:** Friday, August 23, 2013 5:42 PM
**To:** Mellissa A. Waters
**Subject:** RE: Ray Parsons

What do we have, general rep.? If so, can't that work for us now doing a Ch. 7?

**Peter N. Hill**
*Wolff, Hill, McFarlin & Herron, P.A.*
1851 W. Colonial Drive
Orlando, Florida 32804
Phone: 407-648-0058
Fax: 407-648-0681

---

**From:** Mellissa A. Waters
**Sent:** Friday, August 23, 2013 12:00 PM
**To:** Peter N. Hill; Kimberly C. Lynch
**Subject:** Ray Parsons

It appears we are doing work for this client for a Chapter 7, however we do not have a fee agreement or matter for one. Do I need to open a new matter and send a new fee agreement to Mr. & Mrs. Parsons?

**Mellissa Anne Waters, Billing & Marketing Coordinator**
*Wolff, Hill, McFarlin & Herron, P.A.*
1851 W. Colonial Drive
Orlando, Florida 32804
Phone: 407-648-0058
Fax: 407-648-0681

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential information, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you

are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

WOLFF HILL McFARLIN & HERRON, P.A.

Attorneys at Law
1851 W. Colonial Drive
Orlando, Florida 32804

www.whmh.com

Telephone: 407.648.0058
Facsimile: 407.648.0681

E-mail: jgreenleaf@whmh.com

Roman V. Hammes †
Kenneth D. (Chip) Herron, Jr. *
Peter N. Hill *
Jeanne A. Kraft **
David R. McFarlin *
Frank M. Wolff *

** Certified Specialist in Business Bankruptcy Law by the American Board of Certification*

*** Certified Specialist in Consumer Bankruptcy Law by the American Board of Certification*

*† Also admitted in South Carolina*

FAX NUMBER TRANSMITTED TO: 305-259-7148 Total No. Pages: 27

To: Andrea Cuentas

From: Roman V. Hammes

Client/Matter: RADC Venture v Bella Casa Resort
Case No.: 2013-CA-009304-O
Our file # 10592-001

Date: August 26, 2013

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| VERIFIED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF BELLA CASA RESORT, LLP, MATTHEW M. GILLIO, STIRLING ASSETS, LP AND DONALD M. FULLER | 26 |

COMMENTS

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

*NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (407) 648-0058